Anthony **WINFIELD,** Movant,

v.

**STATE** of Missouri, Respondent.

No. ED 75865.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied
Oct. 3, 2000.

---

1. All subsequent statutory cites are to RSMo

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANDALL, P.J. and HOFF, J. and PUDLOWSKI, S.J.

ORDER

PER CURIAM.

Anthony Winfield (Movant) appeals from the judgment denying his Rule 29.15 motion for postconviction relief after an evidentiary hearing.

Earlier we affirmed Movant's conviction murder in the first degree, Section 565.020 RSMo 1994,[1] and armed criminal action, Section 571.015. *State v. Winfield,* 950 S.W.2d 342 (Mo.App. E.D.1997). The trial court sentenced Movant to life imprisonment without parole for murder in the first degree and a concurrent term of life imprisonment for armed criminal action. After completion of his direct appeal, Movant filed a motion for postconviction relief. This appeal follows the denial of that motion.

Movant raises three points on appeal. First, Movant claims ineffective assistance of counsel for failing to object to testimony of Movant's prior imprisonment. Second, Movant claims ineffective assistance of counsel for failing to elicit testimony regarding evidence found at the crime scene. Third, Movant claims ineffective assistance of counsel for failure to object to the State's use of "adverse inferences" in eliciting testimony and in the prosecutor's closing argument.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be

---

1994, unless otherwise stated.

without merit. No error of law appears. An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).